KM

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | No. CR 05-462-PHX-DGC |
| Plaintiff, ) | CV 05-3761-PHX-DGC (CRP) |
| vs. ) | |
| ) | **ORDER** |
| Angel Garcia-Taboada, ) | |
| Defendant/Movant. ) | |

Movant Angel Garcia-Taboada, confined in the United States Penitentiary in Atwater, California, filed a *pro se* "Motion for Time Reduction by an Inmate in Federal Custody (28 U.S.C. § 2255)." On January 27, 2006, the Court denied the Motion with leave to amend (CR Doc. #22). Movant filed a Motion for Extension of Time on February 13, 2006 (CR Doc. #23), that the Court granted on March 20, 2006. On April 11, 2006, Movant filed the pending Motion to Produce Legal Documents and for an Extension of Time (CR Doc. #25) and a Motion to Proceed *In Forma Pauperis* (CR Doc. #26). On July 12, 2006, Movant filed a "Status Motion."

In his Motion to Produce Legal Documents, Movant asks that the Court provide him with a copy of his plea agreement, sentencing transcripts, and the judgment and commitment. Movant states that he cannot afford the copying fees for these documents and that he needs

**JDDL**

1 the documents to complete his amended § 2255 motion. Movant also asks that he be given 2 an additional 30 days to file an amended motion. The Court will grant Movant's Motion to 3 the extent that the Court will provide Movant with a copy of the plea agreement and the 4 judgment and commitment and will grant Movant an additional 30 days from the filing date 5 of this Order to file an amended § 2255 motion. The Motion will be denied as to all other 6 relief requested.

7 The Court will also deny Movant's Motion to Proceed *In Forma Pauperis* (Doc. #26). 8 There is no filing fee associated with § 2255 Motions and *in forma pauperis* status does not 9 apply to § 2255 motions.

10 Finally, the Court will grant Movant's July 12, 2006 Status Motion (Doc. #27) to the 11 extent that this Order informs him of the status of this case and that the Court has directed 12 the Clerk of Court to provide the above documents to Movant. The Status Motion will be 13 denied with respect to all other relief requested.

14 **IT IS ORDERED**:

15 (1) Movant's April 11, 2006 Motion to Produce Legal Documents (CR Doc. #25) **is** 16 **granted** to the extent that:

17 (a) the Clerk of Court must send Movant a copy of the plea agreement (CR 18 Doc. #17) and a copy of the judgment and commitment (CR Doc. #16); and

19 (b) Movant has **30 days** from the filing date of this Order to file an amended 20 § 2255 Motion that conforms to the instructions in the Court's January 27, 2006 Order. The 21 Motion to Produce Legal Documents (CR Doc. #25) is **denied** with respect to all other relief 22 requested.

23 (2) Movant's April 11, 2006 Motion to Proceed *In Forma Pauperis* (CR Doc. #26) 24 is **denied**.

25 (3) Movant's July 12, 2006 "Status Motion" (CR Doc. #27) is **granted** to the extent 26 that this Order informs Movant of the status of this case and directs the Clerk of Court to 27 provide the documents outlined above **and is denied** with respect to all other relief requested.

28

(4) The Clerk of Court must enter a judgment of dismissal of this action without prejudice, and on the accompanying civil action (CIV 05-3761-PHX-DGC (CRP)), without further notice, if Movant fails to file an amended § 2255 motion within 30 days of the filing date of this Order.

DATED this 25th day of July, 2006.

_____
David G. Campbell
United States District Judge

## *UNITED STATES DISTRICT COURT*
### DISTRICT OF ARIZONA

**United States of America**

   **v.**

**Angel Garcia-Taboada**
Aliases: Angel Taboada Garcia, Angel Garcia Taboda, Angel Garcia T, Angel Garcia-Targada

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed on or After November 1, 1987)

No.  CR 05-00462-001-PHX-DGC

Gregory Torok (Appointed)
Attorney for Defendant

USM#: 55180-198      ICE#: A92715559

**THE DEFENDANT ENTERED A PLEA OF** guilty on to Count 2 of the Information.

**ACCORDINGLY, THE COURT HAS ADJUDICATED THAT THE DEFENDANT IS GUILTY OF THE FOLLOWING OFFENSE(S):** violating Title 8, USC §1326(a), Illegal Re-Entry after Deportation, with sentencing enhancement pursuant to Title 8, USC §1326(b)(2), a Class C Felony offense, as charged in Count 2 of the Information.

**IT IS THE JUDGMENT OF THIS COURT THAT** the defendant is hereby committed to the custody of the Bureau of Prisons for a term of **FORTY SIX (46) MONTHS** on Count 2, with credit for time served.  Upon release from imprisonment, the defendant shall be placed on supervised release for a term of **THREE (3) YEARS** on Count 2.  The Court recommends that the defendant be placed in an institution in California if possible.

**IT IS FURTHER ORDERED** that all remaining counts are dismissed on motion of the United States.

### CRIMINAL MONETARY PENALTIES

The defendant shall pay to the Clerk the following total criminal monetary penalties:

   **SPECIAL ASSESSMENT:**  $100.00       **FINE:**  $0.00       **RESTITUTION:**  $0.00

The Court finds the defendant does not have the ability to pay a fine and orders the fine waived.

If incarcerated, payment of criminal monetary penalties are due during imprisonment at a rate of not less than $25 per quarter and payment shall be made through the Bureau of Prisons' Inmate Financial Responsibility Program.  Criminal monetary payments shall be made to the Clerk of U.S. District Court, Attention: Finance, Suite 130, 401 West Washington Street, SPC 1, Phoenix, Arizona 85003-2118.  Payments should be credited to the various monetary penalties imposed by the Court in the priority established under 18 U.S.C. § 3612(c).  The total special assessment of $100.00 shall be paid pursuant to Title 18, United States Code, Section 3013 for Count 2 of the Information.

Any unpaid balance shall become a condition of supervision and shall be paid within 90 days prior to the expiration of supervision.  Until all restitutions, fines, special assessments and costs are fully paid, the defendant shall immediately notify the Clerk, U.S. District Court, of any change in name and address.  The Court hereby waives the imposition of interest and penalties on any unpaid balances.

Case 2:05-cr-00462-DGC   Document 28   Filed 07/26/06   Page 5 of 17

CR 05-00462-001-PHX-DGC                                                                    Page 2 of 4
USA vs. Angel Garcia-Taboada

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant is placed on supervised release for a term of **THREE (3) YEARS** on Count 2.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

<u>For offenses committed on or after September 13, 1994</u>: The defendant shall refrain from any unlawful use of a controlled substance. Pursuant to 18 USC §3563(a)(5) and 3583(d) the defendant shall submit to one drug test within 15 days of release from imprisonment and such other periodic drug tests thereafter, as directed from time to time by the probation officer.

The defendant shall not possess a firearm, ammunition or other dangerous weapon as defined in 18 U.S.C. §921.

The defendant shall comply with the standard conditions of supervision adopted by this Court in General Order 04-11:
1) You shall not commit another federal, state, or local crime during the term of supervision.
2) You shall not leave the judicial district or other specified geographic area without the permission of the Court or probation officer.
3) You shall report to the Probation Office as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month.
4) You shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
5) You shall support your dependents and meet other family responsibilities.
6) You shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
7) You shall notify the probation officer at least ten days prior to any change of residence or employment.
8) You shall refrain from excessive use of alcohol and are subject to being prohibited from the use of alcohol if ordered by the Court in a special condition of supervision.
9) You shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 801) or any paraphernalia related to such substances, without a prescription by a licensed medical practitioner. Possession of controlled substances will result in mandatory revocation of your term of supervision.
10) You shall not frequent places where controlled substances are illegally sold, used, distributed or administered, or other places specified by the Court.
11) You shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
12) You shall permit a probation officer to visit at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
13) You shall immediately notify the probation officer (within forty-eight (48) hours if during a weekend or on a holiday) of being arrested or questioned by a law enforcement officer.
14) You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.
15) As directed by the probation officer, you shall notify third parties of risks that may be occasioned by your criminal record or personal history or characteristics, and shall permit the probation officer to make such notification and to confirm your compliance with such notification requirement.
16) If you have ever been convicted of a felony, you shall refrain from possessing a firearm, ammunition, destructive device, or other dangerous weapon. If you have ever been convicted of a misdemeanor involving domestic violence, you shall refrain from possession of any firearm or ammunition. Possession of a firearm will result in mandatory revocation of your term of

Case 2:05-cr-00462-DGC   Document 28   Filed 07/26/06   Page 6 of 17

CR 05-00462-001-PHX-DGC                                                    Page 3 of 4
USA vs. Angel Garcia-Taboada

supervision. This prohibition does not apply to misdemeanor cases that did not entail domestic violence, unless a special condition is imposed by the Court.

17) Unless suspended by the Court, you shall submit to one substance abuse test within the first 15 days of supervision and at least two periodic substance abuse tests thereafter, pursuant to 18 U.S.C. §§ 3563(a)(5) and 3583(d);

18) If supervision follows a term of imprisonment, you shall report in person to the Probation Office in the district to which you are released within seventy-two (72) hours of release.

19) You shall pay any monetary penalties as ordered by the Court. You will notify the probation officer of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.

The following special conditions are in addition to the conditions of supervised release or supersede any related standard condition:

1. If deported, you shall not re-enter the United States without legal authorization.

2. You shall cooperate in the collection of DNA as directed by the probation officer.

**THE COURT FINDS** that you have been sentenced in accordance with the terms of the plea agreement and that you have waived your right to appeal and to collaterally attack this matter. The waiver has been knowingly and voluntarily made with a factual basis and with an understanding of the consequences of the waiver.

The Court may change the conditions of probation or supervised release or extend the term of supervision, if less than the authorized maximum, at any time during the period of probation or supervised release. The Court may issue a warrant and revoke the original or any subsequent sentence for a violation occurring during the period of probation or supervised release.

**IT IS FURTHER ORDERED** that the Clerk of the Court deliver two certified copies of this judgment to the United States Marshal of this district.

The Court orders commitment to the custody of the Bureau of Prisons and recommends that the defendant be placed in an institution in California if possible.

The defendant is remanded to the custody of the United States Marshal.

Date of Imposition of Sentence: **Monday, September 19, 2005**

_____
David G. Campbell
United States District Judge

DATED this 23rd day of September, 2005.

CR 05-00462-001-PHX-DGC                                                                                   Page 4 of 4
USA vs. Angel Garcia-Taboada

**RETURN**

I have executed this Judgment as follows: _____

Defendant delivered on _____ to _____ at _____, the institution designated by the Bureau of Prisons, with a certified copy of this judgment in a Criminal case.

_____                By:_____
United States Marshal                                             Deputy Marshal

CC: USA/CNSL(Gregory Torok)/PROB(2)/PTS/FIN/JUDGE/USM(2 certified)/ICE (1 certified)/Order Book

CR 05-00462-001-PHX-DGC - Garcia-Taboada                                                          9/22/05 3:19pm

PAUL K. CHARLTON
United States Attorney
District of Arizona

Timothy F. Andrews
Assistant U.S. Attorney
780 E. 39th Place
Yuma AZ 85365
AZ Bar No: 021658

Telephone (928) 344-9550

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Angel Garcia-Taboada,<br><br>　　　　Defendant. | CR '05 - 462 PHX DGC<br>CR-<br><br>MAGISTRATE NO. 05-02197M<br><br>**PLEA AGREEMENT** |

The United States of America and the defendant agree to the following disposition of this matter:

## PLEA

The defendant agrees to plead guilty to Count 2 of an Information charging a violation of 8 U.S.C. Section 1326(a), enhanced by Title 8, United States Code, Section 1326(b)(2), Reentry After Deportation, a class C felony.

## STIPULATIONS, TERMS AND AGREEMENTS

Defendant understands that the guilty plea is conditioned upon the following terms, stipulations, and requirements:

May 11, 2005 - 1708

<u>Maximum Penalties</u>

a.  A violation of Title 8, United States Code, Section 1326(a), enhanced by 1326(b)(2), is punishable by a maximum fine of $250,000.00, a maximum term of imprisonment of 20 years, or both and a term of supervised release of up to three (3) years.

b.  According to the Sentencing Reform Act of 1984, the court shall:

(1)  Order the defendant to make restitution to any victim of the offense unless, pursuant to Title 18, United States Code, Section 3663, the court determines that restitution would not be appropriate in this case;

(2)  Order the defendant to pay a fine, which may include the costs of, supervised release or incarceration, unless, pursuant to Title 18, United States Code, Section 3611, the defendant establishes the applicability of the exceptions found therein;

(3)  Order the defendant, pursuant to Title 18, United States Code, Section 3583, to serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed, and the court may impose a term of supervised release in all other cases.

c.  Pursuant to Title 18, United States Code, Section 3013, the court is required to impose a special assessment on the defendant of $100.00.  The special assessment is due at the time the defendant enters the plea of guilty, but in no event shall it be paid later than the time of sentencing.  If the defendant is indigent, the special assessment will be collected according to the provisions of Chapters 227 and 229 of Title 18, United States Code.

<u>Agreements Regarding Sentence</u>

Defendant understands that the Court is required to consider the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") among other factors in determining defendant's sentence. Defendant understands, however, that the Sentencing Guidelines are only advisory, and that after considering the Sentencing Guidelines, the Court may be free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crimes of conviction.

<u>Specific Offense Characteristics and Sentences</u>

Pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., the government and the defendant stipulate and agree that the following is an appropriate disposition of this case:

**(A) Level 24 Offenses**. Under the Sentencing Guidelines, as set forth in U.S.S.G. § 2L1.2(a) and (b)(1)(A), Unlawful Reentry After Deportation by an alien with a prior aggravated felony conviction for (i) a drug trafficking offense for which the sentence imposed exceeded 13 months; (ii) a crime of violence; (iii) a firearms offense; (iv) a child pornography offense; (v) a national security or terrorism offense; (vi) a human trafficking offense; or (vii) an alien smuggling offense committed for profit, is classified as a crime with an offense level of twenty-four (24), and carries a sentence between 51 and 125 months incarceration, which will be precisely determined by the court, based upon the defendant's criminal record. If the defendant has a conviction which falls under those enumerated in U.S.S.G. § 2L1.2(b)(1)(A), the government and the defendant agree that the defendant shall receive a three-level downward adjustment for acceptance of responsibility and an additional four-level downward departure pursuant to U.S.S.G. 5K3.1. This will result in a total offense level reduction under the plea agreement of seven (7), which will classify the defendant in offense level seventeen (17), which carries a sentence of between 24 and 63 months, depending on defendant's criminal history.

**(B) Level 20 Offenses**. Under the Sentencing Guidelines, as set forth in U.S.S.G. § 2L1.2(a) and (b)(1)(B), Unlawful Reentry After Deportation by an alien with a prior aggravated felony conviction for a drug trafficking offense for which the sentence imposed was 13 months or less is classified as a crime with an offense level of twenty (20), and carries a

1  sentence between 33 and 87 months incarceration, which will be precisely determined by the
2  court, based upon the defendant's criminal record. If the defendant has a conviction which falls
3  under U.S.S.G. § 2L1.2(b)(1)(B), the government and the defendant agree that the defendant
4  shall receive a three (3) level downward adjustment for acceptance of responsibility and an
5  additional two (2) level downward departure pursuant to U.S.S.G. 5K3.1. This will result in a
6  total offense level reduction under the plea agreement of five (5), which will classify the
7  defendant in offense level fifteen (15), which carries a sentence of between 18 and 51 months,
8  depending on defendant's criminal history.

9  **(C) Level 16 Offenses**. Under the Sentencing Guidelines, as set forth in U.S.S.G.
10 § 2L1.2(a) and (b)(1)(C), Unlawful Reentry After Deportation by an alien with a prior
11 aggravated felony conviction for any offense other than those enumerated in U.S.S.G. §§
12 2L1.2(b)(1)(A) or (B) is classified as a crime with an offense level of sixteen (16), and carries
13 a sentence between 21 and 57 months incarceration, which will be precisely determined by the
14 court, based upon the defendant's criminal record. If the defendant has a conviction which falls
15 under U.S.S.G. § 2L1.2(b)(1)(C), the government and the defendant agree that the defendant
16 shall receive a three (3) level downward adjustment for acceptance of responsibility and an
17 additional one (1) level downward departure pursuant to U.S.S.G. 5K3.1. This will result in a
18 total offense level reduction under the plea agreement of four (4), which will classify the
19 defendant in offense level twelve (12), which carries a sentence of between 10 and 37 months,
20 depending on defendant's criminal history.

21 If the defendant has multiple convictions, which fall under more than one specific offense
22 classification level (i.e., U.S.S.G. § 2L1.2(b)(1)(A),(B), and/or (C)), the highest specific offense
23 classification level will be used in calculating the sentence which will be imposed upon the
24 defendant. The precise level of offense and number of months sentence imposed will be
25 determined by the court based upon the defendant's criminal record.

26 This agreement is conditioned on the defendant having less than 18 criminal history
27 points. If the defendant has 18 or more criminal history points the government shall have the
28 right to withdraw from this agreement.

May 11, 2005 - 1708                                              4

1  If the defendant is on supervised release, the government reserves the right to withdraw
2  from this agreement.

3  The defendant understands and agrees that this plea agreement contains all the terms,
4  conditions and stipulations regarding sentencing. If the defendant requests or if the court
5  authorizes (a) any downward departure; (b) any reduction of criminal history category which
6  differs from that set forth in the presentence report; or (c) any other reduction of sentence not
7  specifically agreed to in writing by the parties, the government may withdraw from the plea
8  agreement.

9  If the court, after reviewing this plea agreement, concludes any provision is inappropriate,
10 it may reject the plea agreement, giving either party, in accordance with Rule 11(d)(2)(A), Fed.
11 R. Crim. P., an opportunity to withdraw from the guilty plea and this agreement.

12 If the court departs from the terms and conditions set forth in this plea agreement, either
13 party may withdraw.

## Waiver of Defenses and Appeal Rights

15 The defendant waives any and all motions, defenses, probable cause determinations, and
16 objections which the defendant could assert to the information or indictment or to the court's
17 entry of judgment against the defendant and imposition of sentence upon the defendant, provided
18 that the sentence is consistent with this agreement. The defendant further waives: (1) any right
19 to appeal the court's entry of judgment against defendant; (2) any right to appeal the imposition
20 of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals);
21 and (3) any right to collaterally attack defendant's conviction and sentence under Title 28, United
22 States Code, Section 2255, or any other collateral attack.

### Agreement to Dismiss or Not to Prosecute

1. Pursuant to Fed. R. Crim. P. 11(c)(1)(A), the United States agrees to dismiss Count 1 of the Information and not to prosecute the defendant for attempted re-entry after deportation based on the facts and circumstances underlying the Information in this case.

2. This agreement does not in any manner restrict the actions of the United States in any other district nor bind any other United States Attorney's Office.

### Reinstitution of Prosecution

Nothing in this agreement shall be construed to protect the defendant in any way from prosecution for perjury, false declaration or false statement, or any other offense committed by the defendant after the date of this agreement. In addition, if the defendant commits any criminal offense between the date of this agreement and the date of sentencing, the government will have the right to withdraw from this agreement. Any information, statements, documents and evidence which the defendant provides to the United States pursuant to this agreement may be used against the defendant in all such proceedings.

If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court in a later proceeding, the government will be free to prosecute the defendant for all charges as to which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated. In such event, the defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment to the Constitution as to the delay occasioned by the later proceedings. Defendant agrees that the stipulated sentencing ranges set forth under "Agreements Regarding Sentence" will not be offered if prosecution is re-instituted.

### Disclosure of Information to U.S. Probation Office

The defendant understands the government's obligation to provide all information in its file regarding the defendant to the United States Probation Office. The defendant fully understands and agrees to cooperate fully with the United States Probation Office in providing all information requested by the probation officer.

May 11, 2005 - 1708                                     6

### Effect on Other Proceedings

This agreement does not preclude the United States from instituting any civil or administrative proceedings as may be appropriate now or in the future.

### WAIVER OF DEFENDANT'S RIGHTS

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions. I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my right to plead not guilty; to trial by jury; to confront, cross-examine, and compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination; to be presumed innocent until proven guilty beyond a reasonable doubt; and to appeal, all with the assistance of counsel.

Waiver of Indictment   I understand that I have a right to have the charge[s] prosecuted by an indictment returned by a concurrence of 12 or more members of a legally constituted grand jury consisting of not less than 16 and not more than 23 members. By signing this agreement, I knowingly waive my right to be prosecuted by indictment and to assert at trial or on appeal any defects or errors arising from the information, the information process, or the fact that I have been prosecuted by way of information.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charge to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence will be determined after consideration of the advisory Sentencing Guidelines. I agree that any guideline range discussed with my attorney is not binding on the court and is merely an estimate.

My guilty plea is not the result of force, threats, assurance or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, and I agree to be bound according to its provisions.

May 11, 2005 - 1708                                                           7

I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney) that are not contained within this written plea agreement are without force and effect and are null and void.

I am satisfied that my defense attorney has represented me in a competent manner.

I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

## ELEMENTS OF THE OFFENSE

1. The defendant is an alien;

2. The defendant has been previously denied admission, excluded, deported, or removed from the United States;

3. The defendant entered or was found in the United States on or about May 1, 2005;

4. The defendant did not obtain the express consent of the Secretary of the Department of Homeland Security to reapply for admission to the United States prior to returning to the United States; and

5. The offense occurred within the District of Arizona.

## FACTUAL BASIS AND SENTENCING FACTORS

I agree that the following facts accurately describe my conduct in connection with the offense to which I am pleading guilty and that if this matter were to proceed to trial the government could prove these facts beyond a reasonable doubt:

I am not a citizen or national of the United States. I was deported, excluded, or removed from the United States through Calexico, California on February 23, 2005. I was voluntarily present and found in the United States in or near San Luis, Arizona on May 1, 2005. I did not obtain the express consent of the Secretary of the Department of Homeland Security to reapply for admission to the United States prior to returning to the United States.

Furthermore, for sentencing purposes, I admit I was convicted of assault with a deadly weapon, great bodily injury, a felony, on July 15, 1992 and I was represented by an attorney. I was sentenced to 5 years prison.

5-12-05  
Date

ANGEL GARCIA-TABOADA  
Defendant

May 11, 2005 - 1708                                  8

## DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Rule 11, Fed. R. Crim. P., the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea, including the defendant's waiver of the right to appeal. I have further discussed the concept of the advisory sentencing guidelines with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the government or by any of its representatives which are not contained in this written agreement. I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure the guilty plea is entered in accordance with all the requirements of Rule 11, Fed. R. Crim. P.

I translated or caused to be translated this agreement from English into Spanish to the defendant on the ___12th___ day of ___May___, 2005. _MR USCCI_

___5/12/05___
Date

_____
GREGORY TOROK
Attorney for Defendant

May 11, 2005 - 1708                    9

## GOVERNMENT'S APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

PAUL K. CHARLTON
United States Attorney
District of Arizona

5-12-05
Date

TIMOTHY F. ANDREWS
Assistant U.S. Attorney

## COURT'S ACCEPTANCE

9/23/05
Date

David G. Campbell
United States District Judge

May 11, 2005 - 1708

10

CC: All Counsel, USPO
5-17-05 UAOn